PER CURIAM.
Granted. The matter is remanded to the trial court for a complete evidentiary hearing on the issue of relator’s mental capacity at the time of his guilty plea.[1] The trial court should receive the testimony of the doctors who had been appointed to the sanity commission on October 19, 1976, if they are available, and any other evidence bearing on relator’s mental capacity at the time he withdrew his plea of not guilty by reason of insanity and pleaded, guilty on December 14, 1976. After the hearing, the trial judge should rule on relator’s capacity at the time of his plea. If the trial judge does not set aside the guilty plea, relator may seek further review.

. Once the question of defendant’s mental capacity has been raised, La.C.Cr.P. Art. 642 prohibits any further steps in the prosecution until the defendant is found to have the mental capacity to proceed. In the present case, the record before us is unclear whether the judge, after appointing the sanity commission, found that relator had the mental capacity to proceed before allowing him to withdraw his insanity plea and to enter a guilty plea.